# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| LEBRON COPELAND, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | NO. CIV-18-558-HE |
| | ) | |
| THE CITY OF LAWTON, *et al.* | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

In this case, plaintiff Lebron Copeland asserts federal and state claims against various defendants arising from his detention in the Lawton City Jail and the Comanche County Jail. His claims are based on his alleged treatment by the defendants after his arrest for driving under the influence. He alleges that he was treated with excessive force, resulting in fractures of three vertebra. He also alleges he was denied proper medical care while he was in jail.

Defendants have filed multiple motions seeking the dismissal of some of the claims asserted against them, contending that the complaint fails to state a claim against them. When considering whether claims should be dismissed under Fed.R.Civ.P. 12(b)(6), the court accepts all well-pleaded factual allegations of the complaint as true and views them in the light most favorable to the plaintiff, the nonmoving party. S.E.C. v. Shields, 744 F.3d 633, 640 (10th Cir. 2014). To survive the motion, the complaint must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). In other

words, the facts alleged in the complaint must allow the court to infer the defendant's liability. Shields, 744 F.3d at 640 (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). The Twombly/Iqbal pleading standard "is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." *Id.* at 640–41 (quoting Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012)).

**1. Individual capacity claims against James Smith [Doc. #17].**

Defendant Smith is the police chief of the City of Lawton. He contends the state law negligence claim asserted against him (claim #7) is barred by the Oklahoma Governmental Tort Claims Act (OGTCA). He also contends a Bosh claim is unavailable as to him for multiple reasons. Plaintiff concedes that the OGTCA bars his negligence claim, so defendant's motion will be granted as to that claim.

As to the Bosh claim, it is not altogether clear whether the claim is directed to a failure to protect plaintiff from excess force, or from failure to provide adequate medical care, or both. Defendant contends that Bosh does not extend to any claim based on the provision of medical care and that, in any event, he cannot be deemed personally liable based on Bosh.

The court continues to adhere to its view that Bosh does not recognize a private right of action for all potential violations of the Oklahoma constitution, and that its rationale has not been extended to claims based on failure to provide adequate medical care. *See* Hedger v. Kramer, No. CIV-13-0654-HE, 2013 WL 5873348 at *3 (W.D. Okla. Oct. 30, 2013);

*see also* Foutch v. Turn Key Health, No. 17-CV-431-GKF-JFJ, 2018 WL 1718565 at *2-3 (N.D. Okla. Apr. 9, 2018) (noting the Oklahoma Supreme Court has not extended Bosh to claims for denial of medical care). More recent Oklahoma authority recognizes that the rationale of Bosh does not automatically extend to every potential constitutional violation and no Oklahoma authority has recognized such a claim in the context of medical care.[1] *See* Perry v. City of Norman, 341 P.3d 689, 691-93 (Okla. 2014). Further, in any event, the court concludes Bosh, where it applies, does not provide a damages remedy against every person in the supervisory chain above the employee committing the constitutional violation. *See* Koch v. Juber, No. CIV-13-0750-HE, 2014 WL 2171753 at *3 (W.D. Okla. 2013). Rather, Bosh concluded that a remedy is available against the governmental entity which employed the offending individual. 305 F.3d at 1004. Given the existence of a claim against the governmental entity, a claim against a supervisor who is not plaintiff's employer is outside the "necessity" rationale which undergirds Bosh. As a result, the court concludes no Bosh claim is stated against Chief Smith regardless of the range of constitutional violations as to which a private right of action is recognized. The motion will be granted as to the Bosh claim.

**2. Claims against the City of Lawton (Doc. #13).**

---

[1] *Deal v. Brooks*, 389 P.3d 375 (Okla. Civ. App. 2016), relied on by plaintiff, did not involve the denial of medical care.

The City of Lawton has moved to dismiss certain claims against it.[2] It contends the complaint does not state a constitutional claim for excessive force or denial of adequate medical care and that no conspiracy claim is stated. It contends the complaint offers only conclusory allegations and fails to identify the particular employee or employees who committed the alleged constitutional violation, and that the deficiency is fatal to any claim. Plaintiff's response indicates that no conspiracy claim has been asserted here.[3]

The City's motion focuses solely on plaintiff's inability to establish an underlying violation of excessive force or denial of medical care, rather than on whether a basis for municipal liability exists as to any constitutional violation which did occur. It relies on Robbins v. Oklahoma, 519 F.3d 1242 (10th Cir. 2008), arguing that the complaint fails to identify which particular officers committed the alleged violations. However, in evaluating the claims here against the city, the circumstances are different from those addressed in Robbins. Robbins involved claims of qualified immunity by officials and employees who were sued in their individual capacities. The court noted that such claims "pose a greater likelihood of failures in notice and plausibility because they typically include complex claims against multiple defendants." 519 F.3d at 1249. The need to address the "who", "whom" and "what" questions with specificity is less compelling in the circumstances here,

---

[2] *The motion also references the official capacity claims against Chief Smith which are, in substance, claims against the City.*

[3] *Defendant's motion does not squarely raise the issue of whether a basis for municipal liability is stated if a constitutional violation by ones of its employees is otherwise shown. Perhaps that is what the "conspiracy" argument was more or less directed to. However, in any event, no "conspiracy" claim is asserted.*

4

where the alleged facts are sufficient to plausibly suggest the existence of a constitutional violation by city employees and the identity of those particular employees can be determined in discovery.  *See generally* Roper v. Grayson, 81 F.3d 124, 125 (10th Cir. 1996).  The court concludes, as against the specific challenge made by the city's motion, that the motion should be denied as to the indicated claims.

### 3. Claims against the County entities/officials (Doc. #22).

The Comanche County entities have moved to dismiss certain claims.[4]  They assert that no excessive force claim is stated.  They contend the OGTCA precludes any negligence claim against them.  They also contend no claim based on Bosh is stated against any of them.  Plaintiff's response clarifies that no excessive force claim is asserted against the county defendants and he concedes the OGTCA bars any negligence claim.  So the remaining issue raised by the motion is whether a Bosh claim is stated against these defendants based on inadequate medical care.

As noted above, the Oklahoma courts have not extended the Bosh rationale to state constitutional claims based on inadequate medical care.  For the reasons previously articulated by this court, the court declines to extend the Bosh rationale to state constitutional claims like those asserted here without some clear indication that the Oklahoma courts would do so. *See supra* at 3.  Therefore, a Bosh claim is not stated as to

---

[4] *It is unclear whether plaintiff is asserting claims against Comanche County, which is suggested by the "official capacity" claims against Sheriff Stradley, or whether his claims are directed only to the Comanche County Facilities Authority, presumably a separate entity, which is alleged to operate the county jail.*

any defendant. Further, to the extent that plaintiff seeks to assert a <u>Bosh</u> claim against Sheriff Stradley personally, such a claim is unavailable for the same reason it is unavailable as to Chief Smith, and the OGTCA otherwise bars any claim against Sheriff Stradley.[5]

## Conclusion

Defendant James Smith's partial motion to dismiss and the County defendants' motion to dismiss [Doc. Nos. 17, & 22] are **GRANTED** and the referenced claims are **DISMISSED**. The City's motion to dismiss [Doc. #13] is **GRANTED** as to any <u>Bosh</u> claim based on denial of medical care,[6] but is otherwise **DENIED**.

**IT IS SO ORDERED.**

Dated this 26th day of October, 2018.

_____
JOE HEATON
CHIEF U.S. DISTRICT JUDGE

---

[5] *The complaint does not suggest any basis for concluding that Sheriff Stradley's actions were other than within the scope of his employment as sheriff.*

[6] *The <u>Bosh</u> issue was discussed in the brief of Chief Smith rather than in the City's brief, but the argument and disposition as to any claim based on denial of medical care apply equally to the City.*