IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

LEBRON COPELAND,
    An individual,
               Plaintiff,

vs.

THE CITY OF LAWTON, *et al.*
    A municipal corporation,

              Defendants.

Case No. CIV-18-558-PRW

## **DEFENDANT CITY OF LAWTON'S MOTION TO COMPEL**

COMES NOW, Defendant, City of Lawton, Oklahoma, a municipal corporation, by and through its counsel of record, W.R. Moon Jr., Assistant City Attorney, and pursuant to Fed. R. Civ. P., Rule 37 and Local Rule 37.1, hereby files its Motion to Compel.

In support thereof, Defendant States as follows:

### COMPLIANCE WITH LOCAL RULE 37.1

1. That, on February 22, 2019, the Defendant mailed Interrogatories, Requests for Production of Documents, and Requests for Admissions to Plaintiff's counsel. Said discovery responses were due March 25, 2019.

2. That, on March 27, 2019, Defendant received Plaintiff's response to Defendant's Requests for Admission and that subsequently on April 1, 2019, Defendant received Plaintiff's responses to Defendant's Interrogatories.

3. That, Defendant did not receive Plaintiff's responses to Defendant's Request for Production until April 15, 2019.

4. That, on April 4, 2019, Defendant sent by e-mail and United States Postal Service a Notice of Deficiency letter (attached hereto as Exhibit "1") to Plaintiff's and requested a Rule 37 telephone conference.

5. That, on April 9, 2019, a Rule 37 telephone conference was held wherein Plaintiff's counsel agreed to rectify the deficiencies identified in the April 4, 2019 deficiency letter.

6. That, on April 23, 2019, Defendant e-mailed Plaintiff's counsel inquiring as to the status and/or date of Plaintiff's response remedying the deficiencies outlined in Defendant's Notice of Deficiency and discussed during the Rule 37 telephone conference.

7. That, on April 23, 2019, Plaintiff's counsel and Defendant agreed upon a date of May 3, 2019 as a deadline for the supplementation of interrogatories as covered in the Notice of Deficiency letter and Rule 37 telephone conference.

8. That, on May 3, 2019, Plaintiff's counsel notified Defendant that it would be unable comply with the agreed upon deadline for supplementation to which Defendant's counsel agreed to an extension of the deadline until May 6, 2019.

9. That, on May 8, 2019, Defendant e-mailed Plaintiff's counsel to inquire as to the status of the Plaintiff's supplementation of their interrogatory responses.

10. That, on May 9, 2019, Plaintiff's counsel indicated that there had been some mishap in the delivery and or mailing of the Plaintiff's supplementation which would be corrected as soon as possible.

11. That, on May 14, 2019, Defendant again e-mailed Plaintiff's counsel to inquire as to the status of the Plaintiff's supplementation of their interrogatory responses.

12. That, on May 17, 2019, Plaintiff's counsel responded stating that supplementation of their interrogatories would be provided by the end of the day but that if they were not provided they considered Defendant's Rule 37 obligation to have been fulfilled.

13. That, on May 20, 2019, Plaintiff's counsel provided supplementation (Attached hereto as Exhibit "2") to their interrogatories which failed to remedy the agreed upon deficiencies outlined in the Notice of Deficiency letter. Plaintiff's counsel further stated that even though supplementation was being provided at this time he no longer felt that any supplementation was actually necessary.

14. That, on June 21, 2019, Defendant e-mailed Plaintiff's counsel a draft Motion to Compel as a last attempt to resolve the clearest and least in dispute deficiencies with Plaintiff's responses to Defendant's First Set of Interrogatories.

15. That, on June 26, 2019, Plaintiff responded by e-mail asking if they correctly understood the deficiencies outlined in the draft Motion to Compel previously sent. Defendant responded that same day providing the requested clarification.

16. That, on June 28, 2019, Defendant requested a statement regarding Plaintiff's stance with regard to the deficiencies outline in the draft Motion to Compel.

17. That, on July 1, 2019, Plaintiff's counsel responded by stating that they would provide an appropriate verification for the Interrogatories but that they felt they had adequately responded to the remainder of the requests contained within the draft

Motion to Compel. Defendant responded that same day further trying to resolve said deficiencies by once again specifically addressing each remaining deficiency.

18. That, as of this date, July 11, 2019, Defendant has yet to receive the agreed upon verification or any supplementation of the Plaintiff's remaining deficient responses to Interrogatories.

<u>PLAINTIFF HAS FAILED TO ADEQUATELY RESPOND TO DEFENDANT'S INTERROGATORIES</u>

In response to Defendant's deficiency notice, Plaintiff has supplemented his answers and responses to Defendant's discovery requests. These responses, however, remain deficient in the following respects:

Interrogatories #13-19 requested the Plaintiff to identify all the facts upon which it relies to support a variety of allegations contained within its Complaint concerning the City. In response to these seven interrogatories Plaintiff merely listed paragraph numbers from his Complaint.

It is well established that a party may not answer an interrogatory by reference but rather the answers should stand on their own and be answered in a way that they may be used at trial as contemplated by Rule 33. *Dipietro v. Jefferson Bank*, 144 F.R.D. 279, 282 (E.D. Pa. 1992). Specifically, "a party may not answer an interrogatory by reference to a pleading, specifically, in this case, the complaint." *Id* at 281. When this issue was raised with the Plaintiff, he responded to each interrogatory asking for such

bases by stating that his "only obligation[] is to provide notice of what potential facts plaintiff may infer to fulfil [sic] that legal conclusion". Pl.'s Supp. Interrog. Resp. to Def. City at 4. Plaintiff's refusal to correct the form of these responses is confounding and inimical to the purposes of discovery. This stance by the Plaintiff is further exemplified by Plaintiff's refusal, as yet, to provide a verification for the actual, original interrogatory responses provided. An issue which was originally raised on the 9th of April, 2019. Plaintiff's original verification included with his interrogatory responses states that the contents of his *Petition* are true and correct. Nowhere does Plaintiff aver to the content of his interrogatories, rendering them essentially useless during a deposition or trial.

Interrogatory #9 asked the Plaintiff to identify medical bills incurred and medical bills paid which he was claiming in connection with the current action. In response to this interrogatory the Plaintiff declined to identify any such bills and instead directed Defendant to a comprehensive list of medical providers where the Plaintiff obtains all his medical treatment (related or unrelated), a list of insurers which the Plaintiff has, and the location where the Plaintiff fills all of his prescriptions "related, or unrelated". When asked to supplement these responses with specificity as to which medical bills Plaintiff was asserting were related to the allegations contained within his Complaint, Plaintiff responded that the documents "speak for themselves". Pl.'s Supp. Interrog. Resp. to Def. City at 4. These responses are even more problematic when considering that the Plaintiff has undergone previous surgical spinal fusion to the same area that he

is now alleging has been injured in his Complaint. The Plaintiff is the master of his own case and a Defendant should not be made to guess or infer which medical procedures he is asserting are a result of allegations against the Plaintiff.

## CONCLUSION

Defendant City respectfully prays the Court to require the Plaintiff to provide responses to Defendant's interrogatories which are in an appropriate form, appropriately verified, and adequately specific to allow the Defendant fair notice of which medical costs are claimed by Plaintiff in connection with the suit at hand.

                                     THE CITY OF LAWTON, OKLAHOMA
                                     A municipal corporation,

                                     s/W.R. Moon Jr.
                                     W.R. MOON JR., OBA# 32079
                                     ASSISTANT CITY ATTORNEY
                                     212 SW 9th Street
                                     Lawton, Oklahoma 73501
                                     Telephone: (580) 581-3320
                                     Facsimile: (580) 581-3539
                                     wmoon@lawtonok.gov
                                     *Counsel for Defendant City and Defendant James T. Smith in his Official Capacity*

## CERTIFICATE OF SERVICE

      I hereby certify that on July 11, 2019, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Creek County Law, PLLC
G. Gene Thompson, Esq.
101 E. Lee Ave.
Sapulpa, Oklahoma 74103
Telephone: (918) 223-3044
Facsimile: (918) 998-0344
gene@creekcountylaw.com

and

Boston Avenue Law, PLLC
Howard M. Berkson, Esq.
401 S. Boston, Suite 500
Tulsa, Oklahoma 74103
Telephone: (539) 777-1287
Facsimile: (405) 509-7100
howard@bostonavenuelaw.com

and

Foshee & Yaffe
Andrew M. Casey, Esq.
12231 S. May Ave.
Oklahoma City, Oklahoma 73170
Telephone: (405) 378-3033
andrewcasey.at.law@gmail.com

and

GWC Lawyers
Kenny R. Goza, Esq.
601 SW "C" Ave.
Lawton, Oklahoma 73501
Telephone: (580) 695-1191
Facsimile: (580) 354-0201
swoklawyer@gmail.com
*Attorneys for Plaintiff*

and

James L. Gibbs, II,
Goolsby, Proctor, Heefner & Gibbs, P.C.
701 N. Broadway Avenue, Suite 400
Oklahoma City, OK 73102-6006
jgibbs@gphglaw.com
*Attorney for James T. Smith, Individually*

and

Clay R. Hillis
Hillis Law Firm, PLLC
602 SW D Avenue
Lawton, OK 73501
clayhillis@yahoo.com
*Attorney for James T. Smith, Individually*




s/ W.R. Moon Jr.