IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| 1) LEBRON COPELAND, an individual, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) CIV-18-558-PRW |
| 1) THE CITY OF LAWTON OKLAHOMA, a municipal corporation, *et al*., | ) |
| Defendants. | ) |

## **ORDER**

Defendant City of Lawton seeks an order from the Court compelling Plaintiff to supplement interrogatory responses that Defendant thinks are deficient (Dkt. 42). Plaintiff asserts he has fully complied with his response obligations and requests attorney's fees for defending Defendant's motion to compel (Dkt 49). For the reasons set for the below, the motion is granted.

### *Compliance With Rule 33*

Plaintiff argues that Defendant's entire motion to compel is rendered moot because Defendant exceeded the number of interrogatories permitted without leave of court by Fed. R. Civ. P. 33.[1][2] Although Defendant's interrogatories are not numbered past the limit of

---

[1] Pl.'s Resp. In Opp. To Def. City Of Lawton's Mot. To Compel (Dkt. 49) at 4.
[2] Fed. R. Civ. P. 33(a)(1):

1

twenty-five, Plaintiff argues that Defendant's "compound, multiple sub-part interrogatories, under single heading numbers," substantively exceed the number of interrogatories permitted by Fed. R. Civ. P. 33.[3] For example, Plaintiff contends that Defendant's Interrogatory No. 3 should be counted as three separate interrogatories because it asks for the (1) full name, (2) address, and (3) anticipated testimony of all witnesses Plaintiff anticipates calling to testify at trial.[4]

Neither the federal rules nor the advisory committee notes to Fed. R. Civ. P. 33 delineate when an interrogatory crosses the line from a single interrogatory to one with multiple discrete subparts. Many courts look to whether an interrogatory with subparts is directed at eliciting a common theme, and if so, treat it as a single question for purposes of counting interrogatories.[5] Here, although Defendant's interrogatories contain subparts, the Court finds that each is directed at eliciting a common theme and therefore Defendant's interrogatories comply with Fed. R. Civ. P. 33's number limit.[6][7]

---

**Number.** Unless otherwise stipulated or ordered by the court, a party may serve on any other party no more than 25 written interrogatories, including all discrete subparts.

[3] Pl.'s Resp. In Opp. To Def. City Of Lawton's Mot. To Compel (Dkt. 49) at 4.

[4] *Id*. at 5.

[5] *See, e.g., Pouncil v. Branch Law Firm*, 277 F.R.D. 642, 646 (D. Kan. 2011).

[6] The Court notes that it does not have a complete copy of the interrogatories served upon Plaintiff, so its conclusion is based on those interrogatories highlighted by the parties in the filings.

[7] For example, Interrogatory No. 3 is directed at eliciting the common theme of witness information.

*Interrogatory Nos. 13-19*

Defendant requests Plaintiff to identify the facts upon which he relies to support his allegations in Interrogatory Nos. 13-19.[8] Instead of stating the requested facts, Plaintiff answered those interrogatories by referencing paragraph numbers from the Complaint.[9] Defendant argues that interrogatory answers must stand on their own, and cannot merely reference other documents as Plaintiff does here.[10] Plaintiff argues that these interrogatories improperly "call for legal conclusions," but that in any event, he identified the facts to answer Interrogatory Nos. 13-19 in Interrogatory Nos. 1-12, so "no further response is necessary."[11]

Plaintiff's references to the Complaint, as well as Interrogatory Nos. 1-12, to answer Interrogatory Nos. 13-19, are improper. "[A]nswers to interrogatories should be complete in and of themselves, and should not refer to pleadings, depositions, or other documents."[12] The Court also disagrees with Plaintiff that these interrogatories call for legal conclusions. Accordingly, the Court **ORDERS** Plaintiff to fully respond to Interrogatory Nos. 13-19.

*Interrogatory No. 9*

Defendant asks Plaintiff to identify the amount of medical bills incurred and paid in connection with the current action, along with other related information, in Interrogatory

---

[8] Mot. To Compel (Dkt. 42) at 4.
[9] *Id*.
[10] Mot. To Compel (Dkt. 42) at 4.
[11] Pl.'s Resp. In Opp. To Def. City Of Lawton's Mot. To Compel (Dkt. 49) at 11.
[12] *Dipietro v. Jefferson Bank*, 144 F.R.D. 279, 282 (E.D. Pa. 1992).

No. 9.[13] Plaintiff does not identify the amount of any bills in response, and instead directs Defendant to various lists of medical providers, insurers, and businesses where Plaintiff filled prescriptions, as well as his responses to Interrogatory Nos. 3-4.[14] Plaintiff contends that the information requested by this interrogatory is "equally as available to defendant by subpoena or request from the third parties identified herein in response to ancillary Interrogatories."[15] Plaintiff offers no additional information in his later supplement, stating that the referenced documents in his original interrogatory answer "speak [for] themselves."[16]

But Plaintiff's burden is to answer interrogatories in a "responsive, full, complete and unevasive" manner.[17] Plaintiff focuses on his contention that the requested information is equally as available to Defendant *in other documents*, but this is an interrogatory, not a request for production. In answering an interrogatory, a "party cannot limit his answers to matters within his own knowledge and ignore information immediately available to him or under his control."[18] The amount of Plaintiff's own medical bills, and how those medical bills were paid, is information that is immediately available to him.

Moreover, Plaintiff's argument that he would have to obtain a "burdensome amount" of documents to answer Interrogatory No. 9 is unfounded. Nothing about this

---

[13] Mot. To Compel (Dkt. 42) at 5.

[14] *Id.*; Pl.'s Resp. In Opp. To Def. City Of Lawton's Mot. To Compel (Dkt. 49) at 8.

[15] Pl.'s Resp. In Opp. To Def. City Of Lawton's Mot. To Compel (Dkt. 49) at 8.

[16] Pl.'s Supp. Interrog. Resp. To Def. City (Dkt. 42-2) at 4.

[17] *Miller v. Doctor's Gen. Hosp.*, 76 F.R.D. 136, 140 (W.D. Okla. 1977).

[18] *Id.*

request is unduly burdensome. Indeed, Plaintiff already bears the burden to provide Defendant with "a computation of each category of damages claimed by [Plaintiff]--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered."[19] Thus, Plaintiff is already required to make available the evidentiary material on which his damages calculations are based, and in this action where Defendant allegedly caused physical injury to Plaintiff, that evidentiary material necessarily includes documents like medical bills. It follows that Defendant's interrogatory request for the same information contained in the evidentiary material on which his damages calculations are based—like the amount of medical bills—cannot be burdensome to Plaintiff. The Court therefore **ORDERS** Plaintiff to fully comply with Interrogatory No. 9.

*Verification*

Defendant also takes issue with Plaintiff's failure to properly provide an interrogatory verification.[20][21] Plaintiff asserts he has fixed this problem,[22] but nevertheless

---

[19] Fed. R. Civ. P. 26(a)(1)(A)(iii).

[20] Mot. To Compel (Dkt. 42) at 5.

[21] According to Defendant, "Plaintiff's original verification included with his interrogatory responses states that the contents of his *Petition* are true and correct. Nowhere does Plaintiff aver to the content of his interrogatories, rendering them essentially useless during a deposition or trial." *Id.* (emphasis original).

[22] *See* Pl.'s Resp. In Opp. To Def. City Of Lawton's Mot. To Compel (Dkt. 49) at 3.

the Court **ORDERS** that Plaintiff's interrogatory verification be corrected, if it has not already.

Accordingly, Defendant City of Lawton's motion to compel (Dkt. 42) is **GRANTED**. Pursuant to Fed. R. Civ. P. 37(a)(5)(A), Plaintiff is **ORDERED TO SHOW CAUSE** why he should not be required to pay the movant's reasonable expenses incurred in making this motion, including attorney's fees.

**IT IS SO ORDERED this 29th day of August, 2019.**

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE